David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Tel: (702) 880-5554
Fax: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
*Allen L. Lentz*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Allen L. Lentz,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FAIRFIELD ACCEPTANCE, CORP. and TRANS UNION, LLC,<br><br>　　　　　　Defendant. | Case No. :  2:15-cv-02053-RFB-VCF<br><br>**STIPULATION AND ORDER TO AMEND THE COMPLAINT** |

## **STIPULATION**

Plaintiff Allen L. Lentz ("Plaintiff") and Defendant TransUnion ("TransUnion") (collectively the "Parties") respectfully submit the following Stipulation to permit Plaintiff to file a first amended complaint (hereinafter "FAC", attached hereto as **"Exhibit 1"**). The FAC clarifies claims against the

///

///

Defendants and names Wyndham Vacation Resorts, Inc. instead of Fairfield Acceptance. This FAC is being filed to expedite resolution in these matters.

 IT IS SO STIPULATED

Dated February 1, 2016.         Dated February 1, 2016.

/s/ David Krieger, Esq         /s/Jason G. Revzin, Esq.
David Krieger, Esq.          Jason G. Revzin, Esq.
Haines & Krieger, LLC         Lewis Brisbois Bisgaard & Smith
8985 S. Eastern Avenue, Suite 350    *Attorneys for Defendant Trans Union*
Henderson, Nevada 89123

*Attorneys for Plaintiff*

## **ORDER**

 IT IS SO ORDERED that this Stipulation and Order to Amend the Complaint is hereby GRANTED.

 IT IS FURTHERED ORDERED, that the Plaintiff shall file the FAC within seven (7) days of entry of this Order.

              _____
              U.S. MAGISTRATE JUDGE

          DATED: 2-2-2016

# **<u>EXHIBIT 1</u>**

## Allen L. Lentz
### v.

## Trans Union LLC

**<u>Case No. 2:15-cv-02053-RFB-VCF</u>**

**Filed for the Plaintiff**
**By their attorney:**
HAINES & KRIEGER, LLC
8985 S. Eastern Ave. Ste. 350
Las Vegas, NV 89123

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Allen L. Lentz,<br><br>  Plaintiff,<br><br>v.<br><br>WYNDHAM VACATION RESORTS, INC. and TRANS UNION, LLC,<br><br>  Defendants. | Civil Action No.: 2:15-cv-02053-RFB-VCF<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and

accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Allen L. Lentz ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of WYNDHAM VACATION RESORTS, INC. ("Wyndham") and TRANS UNION, LLC ("TransUnion") (or jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

3. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. This action arises out of each Defendant's violations of the Fair Credit

Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, TransUnion has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

7. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Wyndham is a corporation doing business in the State of Nevada.

9. Defendant Wyndham is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

10. Defendant TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.

TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada.

11. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## GENERAL ALLEGATIONS

12. On or about 11/24/2009, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 *et seq*. Plaintiff's case was assigned Case Number 09-32194 (the "Bankruptcy").

13. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

14. On June 10, 2010, the Bankruptcy Court confirmed the Plaintiff's Chapter 13 Plan.

15. Plaintiff made all payments required under the terms of the Confirmed Chapter 13 plan.

16. None of the Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

17. None of the Defendants named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

18. Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy on 1/13/2014.

19. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

20. However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

21. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

22. The adverse information reported by Defendants was based on each Defendant's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment

structure set forth in the Plaintiff's Chapter 13 Plan. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate, since all the Plaintiff's pre-bankruptcy creditors (whether eventually discharged or not) were subject to repayment pursuant to the Chapter 13 plan terms while the Bankruptcy was pending.

23. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

24. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

25. The Metro 2 Format guidelines for credit reporting are nearly identical for reports made during the "Months Between Petition Filed and BK Resolution" and after "Plan Completed" for Chapter 13 Debtors and furnishers who choose to report post-bankruptcy credit information to CRAs. See CDIA Credit Reporting Resource Guide, page 6-20, 21.

26. Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding. *Id*.

27. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id.*

28. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id.*

29. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

30. Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on the Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

### WYNDHAM Misreported Credit Information
### RE: Account No. 41073*

31. In a TransUnion credit report dated March 16, 2015, WYNDHAM inaccurately reported balances from July 2014 through February 2015.

Since Plaintiff discharged WYNDHAM's debt, there was a $0 balance due any time after the discharge date and reporting the past-due balance was inaccurate resulting from the Bankruptcy discharge.

32. On or about May 19, 2015, Plaintiff disputed WYNDHAM's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying TransUnion, in writing, of the incorrect and inaccurate credit information furnished by WYNDHAM.

33. Specifically, Plaintiff sent a letter, certified, return receipt, to TransUnion (the "TransUnion Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Fairfield Acceptance<br>10750 W Charleston, Suite 130<br>Las Vegas, NV 89135 |
| --- | --- |
| Furnisher Acct. No.: | #41073**** |
| Consumer Dispute: | This account was discharged in my Bankruptcy which was filed on 11/24/2009 and discharged 1/13/2014, bearing docket No. 09-32194 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show Balances from 07/2014 – 02/2015. |

34. Upon receiving the TransUnion Dispute Letter, TransUnion timely notified WYNDHAM of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

35. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

36. On or about June 26, 2015, Plaintiff received notification from TransUnion through its "reinvestigation" (TransUnion Report No. 352162932) that WYNDHAM and TransUnion received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

37. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 13 bankruptcy and made all required Chapter 13 plan payments, since Plaintiff obtained a discharge.

38. WYNDHAM and TransUnion failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

39. WYNDHAM and TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

40. WYNDHAM and TransUnion continued to report inaccurate information regarding the account.  Specifically, WYNDHAM and TransUnion inaccurately reported that Plaintiff still owed a balance of $4,298 on the account even though the debt was discharged in the Bankruptcy.  It was

therefore inaccurate for WYNDHAM and TransUnion to report a balance greater than $0.

41. WYNDHAM and TransUnion, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

42. WYNDHAM and TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

43. Due to WYNDHAM's and TransUnion's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

44. Plaintiff's continued efforts to correct WYNDHAM's and TransUnion's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with WYNDHAM and TransUnion were fruitless.

45. WYNDHAM's and TransUnion's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

46. Also as a result of WYNDHAM's and TransUnion's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress

47. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, WYNDHAM and TransUnion failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

50. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

51. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

any other relief the Court may deem just and proper.

### TRIAL BY JURY

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 1, 2016

                                  Respectfully submitted,

                                  By /s/ David H. Krieger, Esq.

                                  David H. Krieger, Esq.
                                  Nevada Bar No. 9086
                                  HAINES & KRIEGER, LLC
                                  8985 S. Eastern Ave., Suite 350
                                  Henderson, NV 89123
                                  Phone: (702) 880-5554
                                  FAX: (702) 385-5518
                                  Email: dkrieger@hainesandkrieger.com

                                  Attorney for Plaintiff